A. L. WILSON v. GEIGY & COMPANY, A CORPORATION.

(Filed 26 November, 1952.)

Damages § 1a—

Compensatory damages may not be recovered for damage to a tobacco crop when plaintiff's evidence fails to establish any causal connection between the dust from defendant's chemical plant which settled on the crop and injury to the crop.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nettles, J.,* at March Term, 1952, of MOORE.

Civil action to recover for damage to plaintiff's tobacco crop allegedly caused by actionable negligence of defendant in that it negligently permitted "highly toxic and poisonous dust including benezine hexachloride-dust," emanating from the manufacture of insecticide at its plant, to

escape and spread to and over plaintiff's nearby field of growing tobacco causing injury thereto.

Defendant denies, in material aspects, the allegations of the complaint.

Upon trial in Superior Court plaintiff offered evidence tending to show these facts: In late July and early August, 1949: (1) Fogs of dust from defendant's chemical plant spread over and settled on plaintiff's tobacco crop, and "a very strong odor of benezine hexachloride" was noticed. (2) Plaintiff had an airplane dust the tobacco—blowing dust on it. (3) There was a drought. But there is no other evidence as to the kind or quality of dust emanating from defendant's plant, or blown from the airplane. The tobacco "burned up and rotted off."

And plaintiff's expert witness gave this pertinent summary: "There were two types of trouble there. One was the killing of the leaves, and the other was the odor on the tobacco, the bad smell. The injury was not evident to me. I couldn't be sure just what caused it. And there was one more factor and it was what per cent should be attributed to various factors."

Motion of defendant for judgment as of nonsuit, entered at close of plaintiff's evidence, was allowed—and from judgment in accordance therewith plaintiff appeals to Supreme Court and assigns error.

*Robert L. McMillan, Jr., and Herbert F. Seawell, Jr., for plaintiff, appellant.*

*Spence & Boyette for defendant, appellee.*

PER CURIAM. Taking the evidence offered by plaintiff in the light most favorable to him, and giving to him the benefit of every reasonable intendment upon the evidence, and reasonable inference to be drawn therefrom, as is done when considering a demurrer thereto under G.S. 1-183, the evidence is insufficient to make out a case of actionable negligence. The element of causal relation between the dust from defendant's plant and the injury to plaintiff's tobacco crop is missing. The establishment of that relation may not be based upon speculation or conjecture.

Hence the judgment below is

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.